UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

True Yang Vangh,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 16-335 (01) (MJD)

Lisa D. Kirkpatrick, Assistant United States Attorney, Counsel for Plaintiff.

Brandon Sample, Counsel for Defendant.

This matter is before the Court on Defendant's Expedited Motion for Issuance of Rule 17(c) Subpoena (Doc. No. 174) and Defendant's Motion for an Extension to File a Reply Brief (Doc. No. 176).

**I. Federal Rule of Criminal Procedure 17(c).**

In conjunction with her motion for compassionate release, Defendant has requested the Court issue a subpoena requiring the Bureau of Prisons ("BOP") to produce a number of records, including those concerning its COVID-19 policies and procedures, and how they have been applied to Defendant, and records as to how many COVID-19 tests have been performed at the facility in which Defendant is housed, broken down by housing unit.

Rule 17 is a procedural rule promulgated for use during criminal arraignments and trial preparation. Rule 17(c) provides for the production of "any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

"Rule 17 serves the economical purpose of expediting trials by governing the issuance of pre-trial subpoenas." United States v. Chew, 284 F.3d 468, 470 (3d Cir. 200) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). "However, Rule 17 has no application in post-conviction proceedings." Id.

None of the cases cited by Defendant supports her request, as they all involved pending criminal cases, not post-conviction motions for compassionate relief. See United States v. Winner 641 F.2d 825 (10th Cir. 1981) (addressed the use of Rule 17 subpoena with respect to post-trial motions and sentencing); United States v. Krane, 625 F.3d 568 (9th Cir. 2010)(concerning subpoena issued for sentencing purposes); Kent v. United of Omaha Life Ins. Co., 430 F. Supp.2d 946, 950 (D.S.D. 2006) (subpoena concerning sentencing).

Even if a Rule 17(c) subpoena was available, the Court finds that Defendant's document requests, under the current circumstances, would be unreasonable and oppressive as it would require limited BOP staff to respond to individual subpoenas, which would then negatively affect the BOP's ability to ensure the safety of all prisoners.

Accordingly, the Court will deny the motion for the issuance of a Rule 17(c) subpoena.

## II. Motion to File a Reply

Defendant has also requested permission to file a reply brief, and such request shall be granted. The Court will further allow the government to file a surreply.

IT IS HEREBY ORDERED:

1. Defendant's Expedited Motion for Issuance of Rule 17(c) Subpoena (Doc. No. 174) is DENIED; and

2. Defendant's Motion to File a Reply Brief (Doc. No. 176) is GRANTED. Defendant shall file a reply brief by noon on Monday, April 13, 2020.

The Government may file a surreply by noon, Wednesday, April 15, 2020.

Date:　April 8, 2020

　　　　　　　　　　　　　　　　　s/ Michael J. Davis
　　　　　　　　　　　　　　　　　Michael J. Davis
　　　　　　　　　　　　　　　　　United States District Court