UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                                          **MEMORANDUM OPINION
                                                                            AND ORDER**
                                                                            Crim. No. 16-335 (01) (MJD)

True Yang Vangh,

    Defendant.

---

    Katharine T. Buzicky and Michelle E. Jones, Assistant United States Attorneys, Counsel for Plaintiff.

    Brandon Sample, Counsel for Defendant.

---

This matter is before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).

## I.   Background

Defendant and her husband were charged with multiple counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 2 and 1344. The Indictment alleged that Defendant and her husband fraudulently diverted funds from the Hmong American Federal Credit Union ("HAFCU") to themselves and to businesses they operated through fraudulent loans deposited into accounts that they controlled.

On May 18, 2017, Defendant pleaded guilty to Count 1 of the Indictment, bank fraud, and stipulated that from an unknown date through at least September 2010, she and her husband knowingly devised and executed a scheme and artifice to defraud and to obtain monies and funds under the custody and control of the HAFCU by means of false and fraudulent pretenses, representations, promises and omissions of material facts.  She further stipulated that as part of the scheme, they issued eight fraudulent loans totaling $2,075,000 and through the fraudulent scheme, Defendant and her husband caused a loss of $1,800,000 to the HAFCU.  (Plea Agreement, ¶ 2.)

On September 11, 2017, Defendant was sentenced to a term of imprisonment of 72 months, which was a downward variance from the applicable guideline range of 97 to 121 months.  The variance was based on the Court's consideration of all of the factors set forth in 18 U.S.C. § 3553(a).

Defendant is currently incarcerated at the Federal Medical Center in Carswell, Texas ("FMC Carswell") and is scheduled for release on July 26, 2023.

II.     **Motion to Reduce Sentence**

    A.     **Standard**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), "the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier" may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

B.     Analysis

Defendant claims that by letter dated March 18, 2019, she asked the Bureau of Prisons ("BOP") to consider her request, pursuant to 18 U.S.C. § 3582(c)(1)(A), for a reduction in sentence. Defendant asserts that the warden of Federal Prison Camp in Bryan, Texas ("FPC Bryan") did not respond to her request within 30 days, therefore she asserts she has exhausted her administrative remedies.

Initially, Defendant did not provide any evidentiary support for the assertion that she requested relief from the Warden at FPC Bryan, and in response to the government pointing this out, Defendant submitted the declaration of David Boyer, a paralegal at Jeremy Gordon PLLC. (Doc. No. 175) Boyer attached to his declaration a copy of a letter addressed to Warden Amy Boncher at FPC Bryan. (Id.) Boyer further declared that the letter was sent by USPS Priority Mail, and included a screen shot from USPS.com that was previously stored and retained in the files of Jeremy Gordon. (Id. ¶ 5.)

Upon receipt of the Boyer Declaration, the Court requested the government to search the BOP's records at both FPC Bryan and FMC Carswell. In response to this request, the government has submitted the declaration of Shannon Gibson. (Doc. No. 182, Ex. 1) Gibson is an employee of the United States Department of Justice, Federal Bureau of Prisons, as a Case Management Coordinator at FPC Bryan. (Id. ¶ 1.) In that position, she is responsible for processing requests for a reduction in sentence, and upon receipt, she logs the request into a tracking database. (Id. ¶¶ 3, 4.) Gibson reviewed the database and found no record of a compassionate release request made on Defendant's behalf while she was housed at FPC Bryan. (Id. ¶ 5.) The database does show a request

received on Defendant's behalf on May 17, 2019, while Defendant was housed at the FMC Carswell.  (Id.).

The government argues the Court should disregard the alleged claim that Defendant made a request to the Warden at FPC Bryan because there is no record of such claim in the BOP database, and because it is contradicted by the record.  The Court agrees.

In the letter dated May 17, 2019, Defendant submitted a request for compassionate release/reduction in sentence (RIS) to the Warden at FMC Carswell.  (Doc. No. 169, Gov't Ex. 1.)  In support of her request, Defendant submitted over 100 medical records.  (Id.)  On May 24, 2019, the Warden informed Defendant that after consideration under the provisions set forth in 18 U.S.C. § 3582(c)(1)(A) and the BOP Program Statement 5050.50, her request for RIS was being denied.  (Doc. No. 170-1, Gov't Ex. 2.)  "A review of your current medical status indicates you are not disabled and you are able to complete self-care activities independently.  After careful review of this information, consideration for Compassionate Release/RIS is denied."  (Id.)  The Warden further informed her that she could appeal the denial through the Administrative Remedy Program.  (Id.)

The BOP's Administrative Remedy Program is set forth in 28 CFR § 542.10 et seq.  This program applies to all inmates under BOP responsibility and provides for a formal review of issues relating to any aspect of his/her confinement.  Id. § 542.10 (a) and (b).  Pursuant to these regulations, an inmate may first raise an issue informally.  Id., § 542.13(a).  If the inmate did not resolve the issue informally, he/she may then file a formal Request to the Warden.  Id. § 542.14.  If the inmate is not satisfied with the Warden's decision at this stage, he/she may appeal the Warden's decision to the Regional Director within 20 days of the Warden's signed response.  Id. § 542.15(a).  Such an appeal must be filed on the appropriate form (BP-10).  Id.  Finally, the Regional Director's decision may be appealed by filing a BP-11 form with the Director of the National Inmate Appeals in the Office of the General Counsel.  Id.

The government has submitted the declaration from Jake Bush, BOP Legal Assistant for the Consolidated Legal Center for Minnesota. (Doc. No. 171, Gov't Ex. 3.)  He states that part of his official duties include access to records maintained by the BOP, including administrative remedy requests of federal inmates that is maintained in the SENTRY database.  (Id. ¶2.)  Based on his review of the SENTRY database, it appears that Defendant attempted to file four

administrative remedies concerning her request for RIS, but that all were rejected on procedural grounds. (Id. ¶ 14, Ex. A.)

The SENTRY records show that on June 17, 2019, Defendant submitted an administrative remedy regarding compassionate release to the Warden, but the request was voided out of the system because it was accepted in error. (Id. ¶ 15, Ex. A at 2.) On June 25, 2019, another remedy was logged into the system about a compassionate release, but it was voided because it was accepted in error. (Id. ¶ 16.) The remedy was then logged as Administrative Remedy 981350-F3 and was procedurally rejected due to Defendant raising multiple issues in one filing. (Id., Ex. A at 3.) Defendant was advised to be clearer as to what she was appealing and to resubmit her request within 15 days. (Id.)

Instead of correcting the procedural error noted, Defendant submitted an appeal to the Regional Director. (Id. ¶ 17, Ex. A at 3 logged as Administrative Remedy 981350-R1.) This Administrative Remedy was also procedurally rejected because it was submitted to the wrong level. (Id.) The region concurred with the institution's reason for rejecting Administrative Remedy 981350-F3 and directed Defendant to include the administrative remedy and response she filed with the institution when she re-appealed to the regional office. (Id.) Following

the rejection of Administrative Remedy 981350-R1, Defendant has not submitted any other administrative filings. (Id. ¶ 18.)

As is clear from the above statutory text, Defendant must first exhaust her administrative remedies before the Court can grant her any relief.  Because the record does not demonstrate that Defendant has fully exhausted her administrative remedies, her motion must be denied at this time.

IT IS HEREBY ORDERED that Defendant's Motion to Reduce Sentence [Doc. No. 160] is **DENIED WITHOUT PREJUDICE.**


Date:  April 22, 2020                            s/ Michael J. Davis                          
                                                 Michael J. Davis
                                                 United States District Court